A. UNO LAMM, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Lamm v. Commissioner
Docket No. 6612-73.
United States Tax Court
T.C. Memo 1975-95; 1975 Tax Ct. Memo LEXIS 279; 34 T.C.M. (CCH) 473; T.C.M. (RIA) 750095; April 7, 1975, Filed James H. Ross, Jr., for the respondent. RAUM
MEMORANDUM OPINION RAUM, Judge: The Commissioner, pursuant to section 1441 (a) of the Internal Revenue Code of 1954, determined deficiencies in the following amounts against petitioner for the years 1965 through 1967 in respect of his failure to withhold tax at source on payments of income to a nonresident alien individual: Year
Deficiency
1965
$336
1966
336
1967
381
The only question to be decided is whether petitioner, an alien resident of the United States, was required to deduct and withhold United States tax from alimony payments to his wife, a nonresident alien, where the payments were made from a bank account maintained by petitioner in Sweden. All of the facts have been stipulated. Petitioner, *281 a Swedish citizen, has been a resident alien of the United States at all times relevant to this case. At the time he filed the petition herein, petitioner was a resident of Hillsborough, California. In 1938 petitioner and Signhild Ingalill, who was then and at all times since has remained a citizen and resident of Sweden, were divorced in Sweden. The Swedish divorce decree required petitioner to make alimony payments to Signhild at a fixed rate, with adjustments for cost of living and currency exchange rate. During the years in question, petitioner maintained a special bank account in Sweden into which was deposited income from various Swedish sources. The bank paid the following amounts of alimony directly to Signhild in each of the years below: Year
Amount of Alimony Payment
1965
$1,120
1966
1,120
1967
1,270 Under Swedish law alimony payments constitute taxable income to the recipient. As required by that law, the bank withheld income tax from these alimony payments which it remitted to the Swedish taxing authorities. In her income tax returns for these years, Signhild included the alimony payments in her gross income and paid the Swedish income tax thereon *282 (presumably with credit for the amounts already withheld). Petitioner's income in respect of amounts deposited in the Swedish bank account exceeded the amount of alimony paid in each of the years 1965 through 1967. Petitioner filed Swedish income tax returns for these years, reporting this income and paying the appropriate Swedish income tax. He also filed United States individual Federal income tax returns on which he included that income and claimed a foreign tax credit with respect to the tax paid to Sweden. On his United States returns for these years, petitioner claimed deductions for the alimony paid to Signhild. Petitioner neither withheld United States income tax from the alimony payments to Signhild nor did he file annual returns (Forms 1042) with respect to income tax to be paid at source. The controversy between the parties revolves about the applicability of section 1441. [1] Insofar as relevant here, that section requires "all persons" having control over the payment of certain "items of income * * * of any tax [2] on such income. Included among the items of income are "other fixed or determinable annual or periodical gains, profits, and income," but only "to the *283 extent that any of such items constitute gross income from sources within the United States." Every person so required to deduct and withhold a tax is himself liable for such tax by reason of section 1461. [3]
*284 The issue presented is not new to us. In Walter A.Howkins,49 T.C. 689, a case which in all material respects is precisely in point with the instant case, we held that the resident alien petitioner was required to withhold income tax from alimony payments made to his nonresident alien wife in England from his bank account which he maintained in England. Our decision in that case rested upon our conclusions (1) that the petitioner did have the requisite control over the amounts paid to his former wife, (2) that the alimony payments in question were "fixed or determinable annual or periodical gains, profits and income" and thus among the items of income enumerated in section 1441 (b) subject to withholding under the statute, and (3) that the alimony was income to the recipient "from sources within the United States" (the source being regarded as the divorced husband, a resident of the United States, rather than the particular funds that he may have used), and therefore fulfilled the conditions underlying the applicability of section 1441 (a). For the reasons discussed there, we now hold in favor of the Commissioner.[4]
*285 What at first blush may appear to be a harsh result as it affects petitioner is in truth no more than the exact concommitant of petitioner's corresponding alimony deductions in each of the years before us. In Howkins we explored the interrelationship of the former spouses' inclusion in income and deduction from income in respect of alimony payments, with the conclusion that (49 T.C. at pp. 692-93): [When] petitioner claimed a deduction in each of hisown returns (individual or joint) for alimony paid to his former wife, it was undoubtedly on the basis that such alimony was taxable to her. For, the underlying theory of section 215 which allows the deduction to the husband is that the payments will be taxable in the hands of the wife. See H. Rept. No. 2333, 77th Cong., 2d Sess., pp. 46, 71-73; S. Rept. No. 1631, 77th Cong., 2d Sess., pp. 83-86; 88 Cong. Rec. 6377. Thus, by claiming the deduction for alimony payments over the years, petitioner has in effect proceeded upon the assumption that they were taxable to his former wife--an assumption that was possible only if the further condition were satisfied to the effect that such income was received by *286 her "from sources within the United States." Yet, in order to defeat his obligation under the withholding provisions of section 1441, petitioner argues that the alimony payments were not "from sources within the United States." Petitioner cannot have it both ways. We think that he correctly took deductions for these payments, that they were from sources within the United States, and that he is therefore liable under the withholding provisions of the Code. There is need only to add a few parenthetical observations. Unlike the circumstances in Howkins, petitioner's obligation to pay alimony arose from a divorce decree issued by a Swedish rather than a United States court. But as we stated in Howkins, at p. 694: * * * Congress turned to the residence of the obligor -- the situs of the debt -- as the place where the income is produced, and thus the source of the income. See A. C. Monk & Co.,10 T.C. 77, 82. Therefore, the source of Signhild's income in respect of the alimony payments was petitioner's residence, California, a source within the United States. The circumstances surrounding the origin of his obligation have no bearing on this conclusion. *287 Petitioner mistakenly relies on Article X of the income tax treaty between the United States and Sweden, which exempts from taxation in the source country "private pensions and life annuities" paid to individuals residing in the other country. Tax Convention and Protocol with Sweden, March 23, 1939, art. X, 54 Stat. 1759, 1764 (1940). There is no reasonable doubt, however, that alimony payments fall well outside the scope of pensions and annuities, the payment of which, unlike alimony, is predicated upon the prior receipt of consideration. See Tax Convention, supra, par. 5, of Protocol, at 1776, where "life annuities" is defined as contemplating an underlying obligation to make payments "in consideration of a gross sum paid for such obligation". See also Revenue Ruling 54-53, 1954-1 C.B. 156. Nor is there any other provision of the treaty which acts to relieve petitioner of his duty to withhold United States income tax from the alimony payments to his former wife. To the extent that Signhild, the taxpayer, may hereby be subjected to double taxation, her remedy, if any, certainly lies elsewhere than in the Tax Court. See Article XX of the foregoing treaty with Sweden *288 which provides: Where a taxpayer shows proof that the action of the revenue authorities of the contracting States has resulted in double taxation in his case in respect of any of the taxes to which the present Convention relates, he shall be entitled to lodge a claim with the State of which he is a citizen * * *. Should the claim be upheld, the competent authority of such State may come to an agreement with the competent authority of the other State with a view to equitable avoidance of the double taxation in question. Decision will be entered for the respondent.
Footnotes
1. The pertinent parts of section 1441 provide as follows: SEC. 1441. WITHHOLDING OF TAX ON NONRESIDENT ALIENS. (a) General Rule.-- * * * all persons, in whatever capacity acting * * * having the control, receipt, custody, disposal, or payment of any of the items of income specified in subsection (b) (to the extent that any of such items constitute gross income from sources within the United States), of any nonresident alien individual * * * shall * * * deduct and withhold from such items a tax equal to 30 percent thereof * * *. (b) Income Items.--The items of income referred to in subsection (a) are interest * * *, dividends, rent, salaries, wages, premiums, annuities, compensations, remunerations, emoluments, or other fixed or determinable annual or periodical gains, profits, and income * * *. ↩
2. SEC. 871. TAX ON NONRESIDENT ALIEN INDIVIDUALS. (a) Income Not Connected With United States Business--30 Percent Tax.-- (1) Income other than capital gains.--There is hereby imposed for each taxable year a tax of 30 percent of the amount received from sources within the United States by a nonresident alien individual as-- (A) interest * * *, dividends, rents, salaries, wages, premiums, annuities, compensations, remunerations, emoluments, and other fixed or determinable annual or periodical gains, profits, and income, * * * * * ↩
3. SEC. 1461. LIABILITY FOR WITHHELD TAX.
Every person required to deduct and withhold any tax under this chapter is hereby made liable for such tax and is hereby indemnified against the claims and demands of any person for the amount of any payments made in accordance with the provisions of this chapter.↩
4. There is no merit to petitioner's contention that by reason of section 1463 his obligation to withhold was relieved by Signhild's payment of Swedish taxes in respect of the alimony payments. That section is applicable only in the event that the recipient of the income pays the "tax required under this chapter to be deducted and withheld". Plainly, that section refers to the Federal income tax provided for by section 871 (a) (1)↩, not to the Swedish income tax.