A. UNO LAMM, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Lamm v. Commissioner
Docket No. 4280-74.
United States Tax Court
T.C. Memo 1977-336; 1977 Tax Ct. Memo LEXIS 103; 36 T.C.M. (CCH) 1345; T.C.M. (RIA) 770336; September 27, 1977, Filed Joyce E. Britt, for the respondent. TIETJENS
MEMORANDUM OPINION TIETJENS, Judge: Respondent determined the following deficiencies in petitioner's Federal income taxes: Deficiency
Additions to the Tax
Section
Section
Section Tax Year Ended
Tax
6651(a)(1)
6653(a)
6656(a)
December 31, 1968
$388.50
$97.13
$19.43
$19.43
December 31, 1969
388.50
97.13
19.43
19.43
December 31, 1970
1,758.90
439.73
87.95
87.95
December 31, 1971
1,766.25
441.56
88.31
88.31
December 31, 1972
1,797.30
449.33
89.87
89.87
The issue is whether petitioner was required to deduct and withhold United States tax from alimony payments to his former wives, both of whom are nonresident aliens. All of the facts are stipulated. Petitioner, a Swedish citizen, has been a resident alien of the United States at all times relevant herein. When he filed his petition, petitioner was a resident of Hillsborough, California. Petitioner is divorced from Signhild Ingalill. Signhild is a Swedish citizen and a nonresident alien of the United States. During the years 1968 through 1972, petitioner *105 paid Signhild alimony as follows: 1968
$1,298
1969
1,295
1970
1,290
1971
1,300
1972
1,406 The alimony was paid directly to her from a special bank account maintained by petitioner in Sweden. The payments were considered taxable income to Signhild under Swedish law. Consequently, the bank withheld and remitted to the Swedish taxing authorities income tax from the alimony payments. In February, 1969, petitioner separated from his second wife, Pamela Lamm. Pamela is a British citizen and nonresident alien of the United States. Pursuant to the separation agreement executed in San Mateo, California, Pamela was to receive alimony at a fixed rate with certain adjustments for cost of living and currency exchange rates. During 1970 through 1972, petitioner paid Pamela alimony as follows: 1970
$4,573.00
1971
4,587.50
1972
4,585.00 These payments were also made from petitioner's bank account in Sweden. Pamela reported the alimony as income subject to United Kingdom tax. Petitioner claimed deductions on his Federal income tax returns for the above alimony payments. He also claimed a foreign tax credit with respect to Swedish taxes paid *106 by him on the net income earned on his Swedish bank account. But petitioner never withheld United States income tax from the alimony payments to Signhild or Pamela and never filed annual returns (Forms 1042) with respect to income tax to be paid at the source. Respondent contends that petitioner was required under section 1441(a)[1] to deduct and withhold United States taxes from all of the alimony payments. Petitioner contends that he is not so required under the United States' income tax treaties with Sweden and with the United Kingdom. In the alternative, petitioner contends that the alimony payments were not made by petitioner but were instead made by an irrevocable trust established in Sweden. Petitioner is the same individual who petitioned this Court in Lamm v. Commissioner, T.C. Memo. 1975-95, 34 T.C.M. 473. Respondent argues in his brief that our decision in Lamm is binding upon the parties under the principle of collateral estoppel. Collateral estoppel is an affirmative defense which must be specifically raised in a party's pleading. *107 Rule 39, Tax Court Rules of Practice and Procedure. Respondent raised collateral estoppel here for the first time in his brief. Although our decision in Lamm was filed subsequent to respondent's answer in this case, respondent should have filed an amended answer upon receipt of that decision. Over two years elapsed between the filing of our decision in Lamm and the filing of respondent's brief, in which he first raised collateral estoppel as a defense. There was sufficient time for respondent to file an amended answer. Affirmative defenses should not generally be raised for the first time in a party's brief simply because it does not give the opposing party a fair opportunity to properly address the issue. Thus, although respondent might have prevailed at least in part under collateral estoppel, we are precluded by Rule 39 from so holding. Nevertheless, with respect to the alimony payments made to Signhild Ingalill, we find no material change in the facts or law since we decided Lamm v. Commissioner, supra.Although the years and amounts in issue are different, there has been no material change in the operative facts. Petitioner remains a resident *108 alien; the alimony payments were still being made pursuant to order of a Swedish court; and the payments were still being made from the same Swedish bank account.[2] Moreover, we find no change in the applicable laws. See section 1441(a); Tax Convention with Sweden, March 23, 1939, 54 Stat. 1957 (1940), Additional Protocol, 15 U.S.T. 1824 (1964). We are, therefore, bound by staredecisis to conclude that petitioner is liable under sections 1441 and 1461 to withhold the United States income tax on the alimony paid to Signhild Ingalill during the taxable years in issue here. See also Howkins v. Commissioner, 49 T.C. 689 (1968). Be that as it may, we must still address petitioner's *109 United States-United Kingdom income tax treaty contention with respect to alimony paid to his British wife, Pamela, and his irrevocable trust contention with respect to alimony paid to both Pamela and Signhild.
Section 1441 requires all persons having control over the payment of certain items of income of nonresident aliens to deduct and withhold a tax on such income. Among those items are "fixed or determinable annual or periodical gains, profits, and income." But such items are taxable only to the extent that they constitute gross income from sources within the United States. To the extent that such items are so taxable, the person responsible for deducting and withholding the tax is himself liable for the tax. Section 1461; Lamm v. Commissioner,supra at 474. It is settled that alimony payments by a resident alien of the United States to a nonresident alien are taxable as U. S. source income regardless of the source of the funds from which the payments are made. Howkins v. Commissioner, supra; *110 Lamm v. Commissioner, T.C. Memo. 1975-95, 34 T.C.M. 473. This is because the residence of the obligor is considered as the place where the income is produced. Howkins v. Commissioner,supra at 694; Lamm v. Commissioner, supra at 474. Therefore, the source of Pamela's income with respect to the alimony payments was the petitioner's residence in the United States. Accord Lamm v. Commissioner, supra at 475. And petitioner is liable under sections 1441 and 1461 to deduct and withhold the United States income tax on those payments. Petitioner argues, however, that under Article 18 (2) of the proposed income tax treaty between the United States and the United Kingdom, the United States may not impose a tax on alimony payments made to Pamela. Tax Convention with United Kingdom, Article 18(2), December 31, 1975, CCH Tax Treaties par. 8103A. The new treaty was signed on December 31, 1975, but will not come into force until instruments of ratification are exchanged. Thus the new treaty was not and still is not binding on the contracting states. See Article II, Section 2, United States Constitution. The income tax treaty currently *111 in effect between the United States and the United Kingdom contains no provision similar to Article 18(2) of the new treaty. See Tax Convention with United Kingdom, April 16, 1945, and June 6, 1946, 60 Stat. 1377 (1946), reprinted in 1947-2 C.B. 100, Additional Protocols 9 U.S.T. 1329 (1958), and 17 U.S.T. 1254 (1966). And petitioner cites no authority which would lead us to believe that he is not liable under sections 1441 and 1461 for the deficiencies assessed against him by respondent. To the extent that Pamela may be subjected to a double tax on her alimony, her remedy, if any, does not lie with this Court absent authority to the contrary. See also Lamm v. Commissioner, supra at 475. With respect to petitioner's alternate contention, the record simply does not establish that there was a trust involved. Indeed, the stipulation of facts specifically states only that Mr. Lamm's income from Swedish sources was deposited into a Swedish bank account and that alimony payments were made from that account.If a trust had been created and used by petitioner, he should have made it part of the record. See Rule 122 (b), Tax Court Rules *112 of Practice and Procedure. In any event, petitioner certainly considered the income from his Swedish bank account to be his own. He reported and paid tax on its income in Sweden; and he claimed a foreign tax credit with respect to that same income, which was also included in his United States income tax return. In sum, petitioner fails entirely to meet his burden of proof on this alternate contention. Finally, we note that there is no evidence in the record indicating that respondent's determination of additions to tax under sections 6651(a)(1), 6653(a), and 6656(a) is improper. In any event, petitioner has raised no objection except to the underlying deficiency itself. Decision will be entered for the respondent. Footnotes
1. All statutory references are to the Internal Revenue Code of 1954 as in effect during the years in issue.↩
2. We note, however, that since we rendered our decision in Lamm v. Commissioner, T.C. Memo. 1975-95, 34 T.C.M. 473, petitioner has proceeded administratively to solve the purported problem of double taxation. But we do not consider petitioner's action to raise any new issue of law or to cause a different result from that in Lamm↩. In this regard, we need only emphasize that petitioner has not even finished pursuing his administrative remedies.